**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JONATHAN PRATUS and
CHRISTINA PRATUS,

               Plaintiff,                                  Judge:
                                               Case No.

v.

EXPERIAN INFORMATION SOLUTIONS,
INC., EQUIFAX INFORMATION SERVICES,
LLC, TRANSUNION, LLC, BANK OF
AMERICA, NA,

               Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

    COME NOW the Plaintiffs, JONATHAN PRATUS and CHRISTINA PRATUS (hereinafter "Plaintiffs"), by and through undersigned counsel, and file this Complaint against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax"), TRANSUNION, LLC (hereinafter "TransUnion"), and BANK OF AMERICA, NA, (hereinafter "BOA")(collectively referred to as the "Defendants") and alleges:

### I. PRELIMINARY STATEMENT

1.    The FCRA grew out of justified concerns in Congress over abuses in the credit reporting industry.

2.    The consumer reporting industry maintains 450 million credit files on more than 110 million individuals, virtually the entire adult population of the country, and processes almost 2 billion pieces of data per month. S. Rep. 103-209, 103d Cong., 1st Sess. 2-3 (1993).

3.      In theory, the faster sensitive personal information about a person's credit worthiness flows into credit furnishers' computers, the faster credit flows to the consumer, and the faster the economy grows.

4.      To this end "an elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § 1681(a)(2).

5.      The preamble to the FCRA clearly states that "consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy" is apparent. 15 U.S.C. § 1681(a)(3).

6.      Each bit of information can come from any of these sources: public records, creditors, landlords, lenders, credit sellers, insurance companies, employers and debt collectors (all of whom are the customers of a credit reporting agency), and even the consumer him/herself.

7.      Errors and misinformation in credit reports lead to mistakes in credit scores, and mistakes in credit scores mean consumers either pay too much for credit or are denied credit. (Beth Kobliner, "Borrower Beware: Credit Scorers Are Watching," New York Times, April 21, 2002.)

8.      Congress therefore placed upon the credit reporting agencies the burden of following reasonable procedures to assure the maximum accuracy of information concerning the individual about whom the report relates that it might accurately depict a clear and precise credit profile of a consumer. Congress passed the FCRA with the precise intent to give the consumer power over the "impersonal and unconcerned attitude displayed by business

machines as to the impact of their actions upon an individual consumer..." <u>Vinson v Ford Motor Credit Co.</u>, 259 So.2d 768,*77l (Fla. App. 1972).

9. Court rulings, such as <u>Matthews v. Deland Bank</u>, 334 So.2d 164, 166 (Fla. 1st DCA 1976) ("A disregard for the truth in reporting credit transactions, especially when coupled with the failure to correct the inaccuracies, constitutes libel per se.") have upheld the right of an individual consumer to build, possess, maintain and use a credit history that is an asset to him or her.

## II. PARTIES

10. Plaintiffs are a natural persons, residents of Florida, and are "consumers" as defined by 15 U.S.C. § 1681a(c) of the FCRA. Plaintiffs are "consumers" as defined by Florida Statute §559.55(2).

11. Defendant Equifax is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, Georgia 30309 and is subject to the jurisdiction of this Court. Defendant Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports.

12. Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court. Defendant Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports.

13.     Defendant TransUnion is a Delaware limited liability company with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661 and is subject to the jurisdiction of this Court. Defendant TransUnion is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports.

14.     Defendant BOA is a national bank with its principal place of business located at 401 N. Tryon St. NC 1-021-02-20, Charlotte, NC 28255 and is subject to the jurisdiction of this Court. Defendant BOA is a person who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2. Upon information and belief, Defendant BOA is successor by merger to BAC Home Loans Servicing, LP.

## III. JURISDICTION AND VENUE

15.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.* Supplemental jurisdiction of state law claims is appropriate pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1391.

## IV. STATUTORY STRUCTURE

## FAIR CREDIT REPORTING ACT

17.     The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner

which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681(b).

18.     Under the FCRA, wherever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b).

19.     Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer.  15 U.S.C. § 1681i(a).

20.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  15 U.S.C. § 1681i(a)(4).

21.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5).

22.     Under the FCRA, after a furnisher of information receives notification pursuant to §1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information

provided by a person to a consumer reporting agency, the person shall – (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. 15 U.S.C. § 1681s-2(b).

23. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n.

24. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure, the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

### FLORIDA CONSUMER COLLECTION PRACTICES ACT

25. Under the Florida Consumer Collection Practices Act (FCCPA), Florida Statute §559.55 *et seq.*, providers of consumer loans are prohibited from: (1) willfully engaging in any conduct which can reasonably be expected to oppress, harass, or abuse the debtor; and (2) claiming, attempting, or threatening to enforce a debt when such person knows the debt is not

legitimate, or asserting the existence of some other legal right when such person knows the right does not exist. §§ 559.72(7) and (9), Fla. Stat.

26. Under the FCCPA, a Plaintiff is entitled to recover from Defendant(s) actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs.

27. Under the FCCPA, a Court may award punitive damages as well as equitable relief to Plaintiff, such as enjoining further illegal collection activity.

## V. FACTUAL ALLEGATIONS

28. On or about October 23, 2007, Plaintiffs executed and delivered a Promissory Note and a Mortgage securing payment of the Note to BOA in connection with a mortgage loan to purchase residential real property.

29. The debt incurred by Plaintiffs with respect to the above-referenced mortgage loan was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by Florida Statute § 559.55(1). This debt will hereinafter be referred to as the "mortgage obligation."

30. In 2008, Plaintiffs attempted to apply for the Making Homes Affordable program through BOA. BOA requested documentation from Plaintiffs in order to process their application, which Plaintiffs provided.

31. After numerous communications with BOA, Plaintiffs eventually received a trial loan modification from BOA which required lowered Plaintiffs' monthly payment to $1,228.82 on the mortgage obligation. This trial loan modification was offered to Plaintiffs by Defendant over the phone.

32. Plaintiffs immediately made their first payment in the amount of $1,228.82 under the terms of the modification, and made said payment timely every month thereafter.

33.    Shortly after entering into the trial loan modification with BOA, Plaintiffs began receiving foreclosure notices from BOA indicating that they had missed payments on the mortgage obligation.  Concerned, Plaintiffs contacted BOA to inquire, and agents for BOA indicated that the notices were being sent in error and Plaintiffs should disregard such notices.

34.    For several months thereafter, Plaintiffs continued to receive letters and phone calls from BOA threatening foreclosure.  BOA placed phone calls to Plaintiffs at their home and places of business.  Plaintiffs, in response, continued to call BOA to ensure that the foreclosure correspondence was being made in error.  Each time, agents for BOA indicated that Plaintiffs should disregard the foreclosure correspondence and continue making their trial loan modification payments.  Plaintiffs reluctantly complied with these instructions.

35.    The foreclosure correspondence did not cease, and eventually Plaintiffs were served with a foreclosure action initiated by BOA.

36.    After being served with the Complaint, Plaintiffs became understandably concerned, and immediately contacted BOA again.  An agent for BOA informed Plaintiffs that the foreclosure lawsuit had been filed erroneously and was a "big misunderstanding" resulting from a "lack of communication" between BOA's internal departments.

37.    Despite representations made by BOA, Plaintiffs remained concerned, and retained the services of a foreclosure defense attorney.  The attorney was able to get the wrongfully filed foreclosure complaint dismissed.

38.    Following the dismissal of the foreclosure suit, Plaintiffs continued to communicate with BOA in an attempt to enter into the Making Homes Affordable program.  Plaintiffs again submitted the requested paperwork, but were eventually rejected by BOA.  However, BOA

offered Plaintiffs a different home modification program, which extended the mortgage loan to 40 months and lowered the interest rate on the loan from 6.25% to 5.00%.

39.     Also following the dismissal of the foreclosure suit, BOA began reporting to Defendants Equifax, Experian and TransUnion (collectively "credit reporting agencies") that Plaintiffs were late on their payments on the mortgage obligation, *despite Plaintiffs having made all payments to BOA on time under the terms of the trial modification.*

40.     On or about February 8, 2012, Plaintiff requested credit reports from each of the Defendant credit reporting agencies. Each of the credit reports showed the mortgage obligation as past due despite Plaintiffs' timely payments.

41.     On or about November 13, 2012, Plaintiffs sent a letter to TransUnion via FedEx, article number 794074326551, formally requesting the inaccurate information regarding the mortgage obligation be fixed on their credit report. A true and correct copy of the letter Plaintiffs sent to TransUnion dated November 13, 2012, along with proof of delivery, is attached hereto and incorporated by reference as **Composite Exhibit "A"**.

42.     On or about November 13, 2012, Plaintiffs sent a letter to Experian by FedEx, article number 794074457818, formally requesting the inaccurate information regarding the mortgage obligation be fixed on their credit report. A true and correct copy of the letter Plaintiffs sent to Experian dated November 13, 2012, along with proof of delivery, is attached hereto and incorporated by reference as **Composite Exhibit "B"**.

43.     On or about November 13, 2012, Plaintiffs sent a letter to Equifax by FedEx, article number 794074326551, formally requesting the inaccurate information regarding the mortgage obligation be fixed on their credit report. A true and correct copy of the letter Plaintiffs sent

to Experian dated November 13, 2012, along with proof of delivery, is attached hereto and incorporated by reference as **Composite Exhibit "C"**.

44.    Plaintiffs forwarded copies of the same dispute letters included in Composite Exhibits A through C to BOA via FedEx, article number 794075415748.  A true and correct copy of the proof of delivery of those letters to BOA is attached hereto and incorporated by reference as **Exhibit "D"**.

45.    Plaintiffs received responses from all three credit reporting agencies.  Each response indicated that, following a reasonable investigation, the information regarding the mortgage obligation was being reported correctly on Plaintiffs' credit reports.  True and correct copies of those responses are attached hereto and incorporated by reference as **Composite Exhibit "E"**.

46.    In a letter dated November 15, 2011, Defendant added $168.50 in fees associated with the foreclosure action to Plaintiffs' loan, despite the fact that all such fees were incurred in pursuit of Defendant's wrongful foreclosure action.  A true and correct copy of the letter adding such fees to Plaintiffs' loan is attached hereto and incorporated by reference as **Exhibit "F"**.

47.    As a result of the mortgage obligation being incorrectly reported on their credit reports, Plaintiffs have sustained actual damages in that they have been denied credit.  Specifically, Plaintiffs were denied credit by Quicken Loans as evidenced from letters dated August 22, 2012, and January 4, 2013.  True and correct copy of those letters from Quicken Loans denying credit to Plaintiff are attached hereto and incorporated by reference as **Composite Exhibit "G"**.

48.     Plaintiffs suffered further damage as a result of Defendant BOA's acts and omissions in that they were forced to hire a foreclosure defense attorney to defend against BOA's wrongful foreclosure lawsuit.

49.     The above-described actions of all Defendants were made in violation of the Fair Credit Reporting Act.

50.     The above-described actions of Defendant BOA were made in violation of the Florida Consumer Collection Practices Act.

### V. CAUSES OF ACTION

### COUNT I
### CLAIMS AGAINST DEFENDANT EQUIFAX FOR VIOLATIONS OF THE FCRA
### 15 USC § 1681 *et seq.*

51.     Plaintiffs incorporate Paragraphs 1 – 50 above as if fully stated herein.

52.     Defendant EQUIFAX, willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

53.     Defendant EQUIFAX, willfully and/or negligently refused to properly reinvestigate the Plaintiffs' consumer report.

54.     Defendant EQUIFAX, willfully and/or negligently violated 15 U.S.C. § 1681e(b).

55.     Defendant EQUIFAX, willfully and/or negligently violated 15 U.S.C. § 1681i.

56.     Defendant EQUIFAX, willfully and/or negligently violated 15 U.S.C. § 1681i(a)(4).

57.     Defendant EQUIFAX, negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiffs in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(4).

58.     Defendant EQUIFAX, willfully and/or negligently violated 15 U.S.C. § 1681i(a)(5).

59.    In response to the request for reinvestigation, Defendant EQUIFAX improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

60.    Defendant EQUIFAX has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

61.    Defendant EQUIFAX's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiffs to actual damages, statutory damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

62.    Defendant EQUIFAX's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiffs as stated herein, and as a result, Defendant EQUIFAX is liable to compensate the Plaintiffs for the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief as permitted by law.

63.    Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

WHEREFORE, Plaintiffs pray that the Court grant the following relief in favor of the Plaintiffs and against the Defendant:

a)    For Actual Damages;

b)    For Compensatory Damages;

c)    For Statutory Damages;

d)    For Attorney's fees and costs incurred in this action;

e)      For an Order directing that the Defendant immediately delete all of the inaccurate information from the Plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

f)      For such other and further relief as the Court may deem just and proper.

## COUNT II
## CLAIMS AGAINST DEFENDANT TRANSUNION FOR VIOLATIONS OF THE FCRA 15 U.S.C. § 1681 *et seq.*

64.   Plaintiffs incorporate Paragraphs 1 – 50 above as if fully stated herein.

65.   Defendant TRANSUNION willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

66.   Defendant TRANSUNION willfully and/or negligently refused to properly reinvestigate the Plaintiffs' consumer report.

67.   Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681e(b).

68.   Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681i.

69.   Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681i(a)(4).

70.   Defendant TRANSUNION negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiffs in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(4).

71.   Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681i(a)(5).

72.   In response to the request for reinvestigation, Defendant TRANSUNION improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

73.   Defendant TRANSUNION has negligently and/or willfully failed to conduct a proper reinvestigation of the tradelines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

74.   Defendant TRANSUNION's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiffs to actual damages, statutory damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

75.   Defendant TRANSUNION's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiffs as stated herein, and as a result, Defendant TRANSUNION is liable to compensate the Plaintiffs for the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief as permitted by law.

76.   Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

WHEREFORE, Plaintiffs pray that the Court grant the following relief in favor of the Plaintiffs and against the Defendant:

   a)   For Actual Damages;

   b)   For Compensatory Damages;

   c)   For Statutory Damages;

   d)   For Attorney's fees and costs incurred in this action;

   e)   For an Order directing that the Defendant immediately delete all of the inaccurate information from the Plaintiffs' credit reports and files and cease reporting the inaccurate

information to any and all persons and entities to whom they report consumer credit information; and

f)        For such other and further relief as the Court may deem just and proper.

## COUNT III
## CLAIMS AGAINST DEFENDANT EXPERIAN FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

77.    Plaintiffs incorporate Paragraphs 1 – 50 above as if fully stated herein.

78.    Defendant EXPERIAN willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

79.    Defendant EXPERIAN willfully and/or negligently refused to properly reinvestigate the Plaintiffs' consumer report.

80.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681e(b).

81.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i.

82.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i(a)(4).

83.    Defendant EXPERIAN negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiffs in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(4).

84.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i(a)(5).

85.    In response to the request for reinvestigation, Defendant EXPERIAN improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

86.    Defendant EXPERIAN has negligently and/or willfully failed to conduct a proper reinvestigation of the tradelines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

87.   Defendant EXPERIAN's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiffs to actual damages, statutory damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

88.   Defendant EXPERIAN's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiffs as stated herein, and as a result, Defendant EXPERIAN is liable to compensate the Plaintiffs for the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief as permitted by law.

89.   Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

WHEREFORE, Plaintiffs pray that the Court grant the following relief in favor of the Plaintiffs and against the Defendant:

    a)      For Actual Damages;

    b)      For Compensatory Damages;

    c)      For Statutory Damages;

    d)      For Attorney's fees and costs incurred in this action;

    e)      For an Order directing that the Defendant immediately delete all of the inaccurate information from the Plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

    f)      For such other and further relief as the Court may deem just and proper.

## COUNT IV
## CLAIMS AGAINST DEFENDANT BANK OF AMERICA, NA
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

90.     Plaintiffs incorporate Paragraphs 1 – 50 above as if fully stated herein.

91.     Defendant BOA has willfully and/or negligently violated the provisions of the FCRA by
        willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

92.     Following the reinvestigation, Defendant BOA reported the erroneous credit information
        with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the
        general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

93.     Following the reinvestigation, Defendant BOA reported the erroneous credit information
        and consciously avoided knowing that the credit information was inaccurate, in violation of
        the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of
        furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

94.     Following the reinvestigation and dispatch of notice directly to Defendant BOA at its
        designated address, Defendant BOA reported credit information that was in fact not
        accurate, in violation of the FCRA 15 U.S.C. § 1681s-2(b) the general duties implied to all
        conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(B).

95.     Following the reinvestigation and dispatch of direct notice to Defendant BOA, Defendant
        BOA failed to notify the consumer reporting agencies to whom it reported credit information
        that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general
        duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

96.     Defendant BOA's reinvestigation was not conducted in good faith.

97.     Defendant BOA's reinvestigation was not conducted in such a way as to insure the
        maximum possible accuracy of the Plaintiffs' consumer report.

98.     Defendant BOA's reinvestigation was not conducted reasonably.

99.     Defendant BOA's reinvestigation was not conducted using all information reasonably available to Defendant BOA.

100.    Defendant BOA's reinvestigation was *per se* deficient by reason of these failures of Defendant BOA in its reinvestigation of the trade line on the Plaintiffs' consumer report.

101.    Defendant BOA's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiffs to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

102.    As a result of Defendant BOA's conduct, actions, and inactions, Plaintiffs were unable to secure credit.

103.    As a result of Defendant BOA's conduct, actions, and inactions, Plaintiffs have suffered emotional distress, humiliation, mental anguish and damages to their creditworthiness.

104.    Plaintiffs are entitled to recover costs and attorneys fees from Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

105.    Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

WHEREFORE, Plaintiffs pray that the Court grant the following relief in favor of the Plaintiffs and against the Defendant:

    a)     For Actual Damages;

    b)     For Compensatory Damages;

    c)     For Statutory Damages;

    d)     For Attorney's fees and costs incurred in this action;

e)      For an Order directing that the Defendant immediately delete all of the inaccurate information from the Plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

f)      For such other and further relief as the Court may deem just and proper.

## COUNT V
## CLAIMS AGAINST BANK OF AMERICA, NA FOR VIOLATIONS OF THE FCCPA
## FLORIDA STAUTE § 559.55 *et seq.*

106.    Plaintiffs incorporate Paragraphs 1 – 50 above as if fully stated herein.

107.    The foregoing acts and omissions of Defendant BOA constitute numerous and multiple violations of the FCCPA.

108.    Under the provisions of §§ 559.72(7) and (9), Fla. Stat., Defendant was and is prohibited from: (1) willfully engaging in any conduct which can reasonably be expected to oppress, harass or abuse the debtor; and (2) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

109.    BOA's illegal abusive collection actions as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiffs.

110.    Plaintiffs have suffered actual damages as a result of these actions, including but not limited to, anxiety, emotional distress, fear, frustration, upset, humiliation and embarrassment.

111.    As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to recover from Defendant actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77, Fla. Stat.

112.    Additionally, Florida Statute § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiffs, such as enjoining further illegal collection activity.  Plaintiffs

will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

WHEREFORE, Plaintiffs pray that the Court grant the following relief in favor of the Plaintiffs and against the Defendant:

a)    For an award of actual damages;

b)    For an award of statutory damages;

c)    For an award of costs of litigation and reasonable attorney's fees

d)    For an injunction to enjoin further abusive collection; and

e)    For such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

113.    Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

*Respectfully submitted,*

Dated: March 14, 2013

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

By: /s/ Joseph C. LoTempio
    Joseph C. LoTempio, Esq.
    Fla. Bar No. 0086097
    jlotempio@dellutrilawgroup.com
    David M. Lampley, Esq.
    Fla. Bar No. 0044408
    dlampley@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FL                              )
                                         ) ss
COUNTY OF Collier                        )

Plaintiff, CHRISTINA PRATUS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Christina Pratus*
CHRISTINA PRATUS

Subscribed and sworn to before me this 15th day of March, 20 13 by CHRISTINA PRATUS who:

☑ is personally known; or

☐ produced identification _____.

DEBORAH A. LEE
Commission # DD 971712
Expires March 16, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

*Deborah A Lee*
Notary Public

(SEAL)

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF __Fl__        )
                       ) ss
COUNTY OF Collier      )

Plaintiff, JONATHAN PRATUS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
JONATHAN PRATUS

Subscribed and sworn to before me this __15th__ day of __March__, 20 __13__ by JONATHAN PRATUS who:

☑ is personally known; or

☐ produced identification _____.

_____
Notary Public

DEBORAH A. LEE
Commission # DD 971712
Expires March 16, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

(SEAL)